IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: * | CHAPTER 7 | |
| MATTHEW ALLEN KRIMM, * | | |
| DEBTOR. * | CASE NO.: 15-20235 | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| 36 BUILDERS, INC., * | | |
| PLAINTIFF, * | ADV. NO.: _____ | |
| V. * | | |
| MATTHEW ALLEN KRIMM, * | | |
| DEFENDANT. * | | |

* * * * * * * * * * * * *

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, 36 Builders, Inc. ("Plaintiff"), by and through undersigned counsel, hereby alleges as follows for its Complaint to Determine Non-Dischargeability of Debt, pursuant to 11 U.S.C. §523(a)(2); against Defendant Matthew Allen Krimm, an individual ("Debtor").

**JURISDICTION AND VENUE**

1. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. §1391(b), as the bankruptcy petition is pending in this district.

7

4. This is a complaint pursuant to 11 U.S.C. § 523 to determine the dischargeability of a debt owed by Debtor.

## **GENERAL ALLEGATIONS**

5. The allegations contained in Paragraphs 1 through 4 are incorporated herein.

6. Plaintiff is a corporation organized under the laws of the State of Delaware, with its principal place of business in Delaware.

7. At all relevant times, Debtor was doing business as the sole member and operator of Krimm Financial Services, LLC ("KFS").

8. KFS, as borrower, and Debtor, as guarantor (KFS and Debtor together, the "Obligors"), executed a promissory note dated November 12, 2013 in favor of Plaintiff, whereby Obligors promised to pay Plaintiff the sum of $55,000.00, reflecting $50,000.00 in principal and $5,000.00 in interest, by December 12, 2013 (the 2013 Note"). A copy of the 2013 Note is attached hereto as Exhibit 1 and incorporated herein by reference. The 2013 Note reflected the indebtedness owed by Obligors to Plaintiff as a result of an extension of credit to Obligors by Plaintiff.

9. As security for Obligors' obligations under the 2013 Note, Obligors purported to grant Plaintiff a security interest in the membership interests of KFS.

10. To induce Plaintiff into agreeing to the terms of the 2013 Note and providing credit to Obligors as reflected therein, Debtor offered the option to purchase KFS to Plaintiff, and agreed in the 2013 Note that Plaintiff would be entitled to a discounted purchase price with respect to KFS in the even that Obligors defaulted under the 2013 Note.

11. Debtor represented to Plaintiff that Debtor was authorized to sell KFS or its assets to Plaintiff, to offer Plaintiff the discounted sale terms described in the 2013 Note, and otherwise

7

to bind KFS and act on KFS's behalf.

12. Obligors failed to make payments as and when due under the 2013 Note, and on May 28, 2015 (the "<u>2015 Note</u>" and together with the 2013 Note, the "<u>Notes</u>"), Obligors executed a promissory note in favor of Plaintiff in the principal amount of $60,000.00 and promised to make payments to Plaintiff and otherwise perform under the terms of the 2015 Note. A copy of the 2015 Note is attached hereto as Exhibit 2 and incorporated herein by reference.

13. Debtor made one payment to Plaintiff, in the amount of $1,000.00, on May 28, 2015. Neither Debtor nor KFS made any payment to plaintiff thereafter.

14. As a result, Plaintiff has been damaged in the amount of $59,000.00 as of July 22, 2015, exclusive of attorneys' fees, costs and post judgment interest.

15. Thus, Plaintiff's claim is $59,000.00, exclusive and attorneys' fees and post-judgment interest.

## FIRST CLAIM FOR RELIEF

**(False Pretenses and False Representation Pursuant to 11 U.S.C. §523(a)(2))**

16. Plaintiff realleges and incorporates paragraphs 1 through 15 above, as if set forth fully herein.

17. At the time Debtor executed the Notes, Debtor lacked authority to pledge, grant a security interest in or transfer the membership interests of KFS. Debtor further lacked the ability to sell KFS or its assets to Plaintiff.

18. Debtor induced Plaintiff to extend credit to Debtor, as reflected by the Notes, by representing falsely that Debtor could pledge as security and transfer the membership interests in KFS, could sell KFS or its assets to Plaintiff and could otherwise act on behalf of KFS.

19. At the time Debtor entered into the Notes, Debtor intended to deceive Plaintiff, as

7

he had no ability to pledge or transfer the membership interests in KFS, to sell KFS or its assets, or to otherwise act on behalf of KFS.

20. Debtor knew that his representations regarding KFS were false and that Plaintiff would rely on his false representations when extending credit and agreeing to the terms of the Notes.

21. Plaintiff was justified in its reliance on Debtor's false representations.

22. Plaintiff relied, actually and reasonably, on Debtor's false representations when extending credit and agreeing to the terms of the Notes.

23. For the above reasons, Debtor's indebtedness to Plaintiff in non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Debtor as follows:

1. That this Court enter in favor of Plaintiff and against Debtor in the amount of $59,000.00, plus additional interest, collection costs and reasonable attorneys' fees, less any credits from payments made by Debtor.

2. All other relief permitted under 11 U.S.C. § 523 and all other applicable law.

Dated: October 19, 2015

Respectfully Submitted,

**LEITESS FRIEDBERG PC**

/s/ Jeremy S. Friedberg
Jeremy S. Friedberg   (Bar No. 10638)
Pierce C. Murphy   (Bar No. 30030)
Leitess Friedberg PC
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland 21117
(410) 581-7400

*Attorneys for Plaintiff*